IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-416 |
| | ) | Judge Nora Barry Fischer |
| DOLLAR GENERAL CORPORATION, | ) | Magistrate Judge Lisa Pupo Lenihan |
| WOODROW DAVIS, and PAMELA | ) | |
| BIEGEL, | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

This matter is before the Court on a Motion for Default Judgment filed by Plaintiff on May 5, 2016 wherein she seeks the entry of default judgment against Dollar General Corporation in the amount of $7,250,000.00 for failing to plead or otherwise respond to her civil rights lawsuit. (Docket No. 8). As the Clerk of Court entered default against Dollar General Corporation on May 6, 2016, the Motion for Default Judgment is ripe for disposition. (Docket No. 7). After careful consideration of Plaintiff's submissions, including her Complaint, (Docket No. 1); the proof of service, (Docket No. 6); her Motion, (Docket No. 8); and supporting Brief, (Docket No. 9), the Court finds that the proof of service submitted by Plaintiff does not suffice to demonstrate that Dollar General Corporation was properly served and will deny the pending motion for default judgment, without prejudice.

It is well settled that prior to the entry of default judgment, the District Court must satisfy itself that the Court has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought. *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991). In this instance, the Court has subject matter jurisdiction over

1

the claims under 28 U.S.C. § 1331 as Plaintiff has invoked federal civil rights statutes in her Complaint. It appears, however, that Plaintiff has not met her burden to establish personal jurisdiction over Dollar General Corporation.

A necessary prerequisite to the exercise of personal jurisdiction over a defendant is that the complaint and summons be served on the defendant. *See Lampe*, 952 F.2d at 700-01 (citation omitted) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case."). Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure "unless federal law provides otherwise, an individual [ … ] may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The Federal Rules further provide that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing general agent, or any other agent authorized by appointment or by law to receive service of process…" Fed. R. Civ. P. 4(h)(1)(B). The relevant Pennsylvania Rule of Civil of Procedure, Rule 424, states the following:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424. Pennsylvania courts have long held that "the rules concerning service of

process must be strictly followed" and that "there is no presumption as to the validity of the service and the return itself is required to set forth service in conformance with the rules." *Salas v. Wal-Mart Stores East, Inc.*, --- Pa. Super. Ct. ----, 2015 WL 6737591 at *2 (Pa. Super. Ct. Aug. 7, 2015) (internal quotations omitted). "The rules for service of process are designed to accord a defendant his due process right to be given adequate notice that litigation has commenced." *Id.* (quotation omitted).

The sole evidence of service that Plaintiff has submitted in this case is the Proof of Service form filled out by process server Eric John Lewis Jr. on April 12, 2016 stating that he served a summons on "Dollar General Corp.". (Docket No. 6). Although the form was sworn, under penalty of perjury, it does not appear to this Court that the form was filled out correctly nor does it provide sufficient information to establish that service was properly made on Dollar General Corporation in this matter. (*Id.*). To this end, Mr. Lewis filled out the portion of the form that is applicable to service on individuals, rather than corporations. In that section, Mr. Lewis states that he "personally served the summons on the individual at (place) <u>6500 Broadway Blvd, Tony Mink GM</u> on (date) <u>4-12-16</u>." (Docket No. 6). No additional information is provided on the form and no other evidence has been submitted.

Plaintiff's Complaint states that Dollar General Corporation is headquartered in Goodlettsville, Tennessee. (Docket No. 1 at ¶ 4). She also avers that Defendant Pamela Biegel is the manager at the 4500 Broadway Boulevard Dollar General Store. (*Id.* at ¶¶ 7, 9). This is the location of the March 13, 2016 incident with two employees, one of which allegedly harassed and badly mistreated her due to her race, which forms the basis of her civil rights complaint against the Defendants and, apparently, her claim for compensatory and punitive damages in the total amount of $7,250,000. (Docket No. 1).

3

It is clear to this Court that Mr. Mink is neither "(1) an executive officer, partner or trustee of the corporation or similar entity," or "(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." Pa. R. Civ. P. 424(1), (3). The "critical question" thus becomes whether Mr. Mink was the person in charge of the retail store at the time of the service. *See Salas,* 2015 WL 6737591, at *3. Courts have held that individuals holding positions as security guards, receptionists, janitors and the like were not in charge of the places of business for purposes of Rule 424(2). *Id.* at *3-4. Through her counsel, Plaintiff briefly argues that Mr. Mink is the "general manager" of the retail store but that assertion is not supported by the limited evidentiary record. (Docket Nos. 6, 9). Even if it was, that title, standing alone, does not answer the relevant question of whether Mr. Mink was in charge of the store at the time because it is clear from the Complaint that Ms. Biegel is also a manager at that location. In any event, the Court cannot presume the validity of service and it is Plaintiff's burden to demonstrate that service was properly effectuated.

Overall, this Court simply cannot conclude that the service of the summons on "Tony Mink GM" at the Broadway Boulevard Dollar General retail store suffices to provide notice of the lawsuit to a national corporation with its principal place of business in Tennessee.[1] *See Salas,* 2015 WL 6737591 at *4 ("Herein, handing a copy of process to a security officer located in an open retail store of a multi-national corporation with its principal place of business in Arkansas is not reasonably calculated to give actual notice to that corporation of the pendency of a lawsuit. The connection between a security guard in a store in Pennsylvania and a corporation running

---

[1] Similarly, counsel's act of emailing a copy of the complaint – before it was filed – to a claims representative of Defendant does not meet the requirements of Rule 424. *See Ricci v. Rockwater Ne. LLC*, No. CIV.A. 15-1281, 2015 WL 6509442, at *2 (W.D. Pa. Oct. 28, 2015) ("an attorney's efforts to negotiate a waiver of service (through email correspondence or otherwise) with opposing counsel is not enough to demonstrate that service was waived").

4

thousands of retail stores from another state is too attenuated to sustain valid service under Pa.R.C.P. 424."). As personal jurisdiction is lacking over Dollar General, the Motion for Default Judgment must be denied and the previously entered default will be vacated. *See* FED. R. CIV. P. 55(c) ("The court may set aside an entry of default for good cause.").

Finally, Plaintiff's Complaint pleads sums certain for compensatory, ($250,000), and punitive damages, ($7,000,000), in clear violation of Rule 8 of the Local Rules for the Western District of Pennsylvania prohibiting the pleading of "a specific dollar amount of unliquidated damages." W.D.Pa. LCvR 8. Hence, the Complaint must be dismissed due to the Local Rule violation.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment [8] is DENIED, without prejudice;

IT IS FURTHER ORDERED that the Clerk's entry of Default against Dollar General Corporation [7] is VACATED; and,

IT IS FURTHER ORDERED that Plaintiff's Complaint [1] is dismissed, without prejudice, due to the violation of Local Civil Rule 8 in pleading sums certain for unliquidated damages;

FINALLY, IT IS ORDERED that Plaintiff's Amended Complaint shall be filed by **May 25, 2016** and if no such filing is made, the Clerk of Court is directed to mark this case closed.

                                        *s/Nora Barry Fischer*
                                        Nora Barry Fischer
                                        United States District Judge

Dated: May 11, 2016

cc/ecf: Counsel of record

Magistrate Judge Lisa Pupo Lenihan